UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>   vs.<br><br>CORY TOBACCO,<br><br>                     Defendant. | CR. 15-50045-01-JLV<br><br>ORDER DENYING<br>DEFENDANT'S APPEAL OF<br>DETENTION ORDER |

**INTRODUCTION**

Pending before the court is the defendant's appeal of the decision of Magistrate Judge Daneta Wollmann requiring detention of the defendant pending sentencing. (Docket 85). Mr. Tobacco argues exceptional circumstances pursuant to 18 U.S.C. § 3145 exist to allow Mr. Tobacco to remain free on bond pending sentencing. (Dockets 85 & 91). The government resists the defendant's appeal motion. (Docket 89). For the reasons stated below, the defendant's motion is denied.

**DISCUSSION**

On September 3, 2015, Mr. Tobacco entered into a plea agreement with the government. (Docket 72). The court referred the case to Magistrate Judge Wollmann for receiving a plea and issuing a report and recommendation as provided by 28 U.S.C. § 636(b)(1). (Docket 75). On September 18, 2015, Mr. Tobacco appeared before Magistrate Judge Wollmann for a change of plea

hearing. (Docket 76). Following the hearing, Magistrate Judge Wollmann filed a report and recommendation. (Docket 78). Both the government and Mr. Tobacco consented to the plea hearing before the magistrate judge and waived the 14-day time period to file any objections to the report and recommendation. Id. at p. 1.

At the hearing and after having been advised of his constitutional and statutory rights, Mr. Tobacco pled guilty to the superseding indictment charging conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 846, 841(a), and 841(b)(1)(A). Id. at pp. 1-2. The penalties applicable to that offense are: a minimum of ten years in prison up to life; a $10,000,000 fine; or both; five years up to life of supervised release; five additional years' imprisonment if supervised release is revoked; a $100 special assessment; and restitution. Id. at p. 2; see also 21 U.S.C. § 841(b)(1)(A). Magistrate Judge Wollmann recommended Mr. Tobacco's "guilty plea to the Superseding Indictment [be] accepted . . . . and the defendant be adjudged guilty of that offense."[1] (Docket 78 at p. 2).

During the September 18 hearing, the magistrate judge heard the parties on the issue of bond pending sentencing. (Docket 83 at p. 1). Mr. Tobacco made an oral motion before the magistrate judge to permit him to be released pending sentencing. Id. On September 22, 2015, Mr. Tobacco filed a motion

---

[1]The district court adopted the report and recommendation on October 9, 2015, and "adjudged [Mr. Tobacco] guilty of conspiracy to distribute a controlled substance as charged in the superseding indictment." (Docket 84 at p. 1).

for release pending sentencing. (Docket 79). The government opposed the defendant's motion. (Docket 80). The magistrate judge entered an order of detention. (Docket 83). The magistrate judge found Mr. Tobacco's plea to conspiracy to distribute a controlled substance in violation of 21 U.S.C. 841(b)(1)(A) is an offense which "falls under 18 U.S.C. § 3142(f)(1)(C), as an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." Id. at p. 2. The magistrate judge found no exceptional circumstances existed which removed Mr. Tobacco from the mandatory detention provisions of 18 U.S.C. § 3143(a)(2). Id. at pp. 3-4.

Mr. Tobacco appeals to the district court asserting he is "the father of a seriously ill child who resides in Rapid City with the child's mother. He has a good relationship with the mother and child. He also is the grandson of an individual who needs his help to provide care. . . . [and he] is not a danger to the community or to himself or anyone else." (Docket 85 at p. 1). In a supplemental filing Mr. Tobacco asserts he has "lived a meretricious relationship with Brandi Twiss, who resides in Rapid City, South Dakota. They have one daughter who is 6 years old. His daughter has lupus and must travel to Denver once a month for treatment. Brandi does not have a driver's license and struggles to find funds to travel to Denver and back each month. Defendant would like the Court to know that he would like to help Brandi travel to and from Denver each month and to work to provide support of his daughter." (Docket 91 at p. 1). Mr. Tobacco "submits that his situation constitutes exceptional

3

circumstances and asks the Court to review the decision of the Magistrate and allow him release pending sentencing in January [2016]." (Docket 85 at p. 1).

The government resists defendant's motion. (Docket 89). The government argues "[t]he fact that defendant has had state charges dropped, wants to work, and would like to care for a family member do not rise to the level of exceptional circumstances." Id. at p. 3.

The mandatory detention provisions of the Bail Reform Act require detention of any defendant "found guilty of an offense . . . described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition . . . of sentence . . . ." 18 U.S.C. § 3143(a)(2). Subparagraph (C) of 18 U.S.C. § 3142(f)(1) includes a violation of 21 U.S.C. § 841(b)(1)(A) as it is an offense for which the maximum term of imprisonment is ten years or more as prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.). The exceptions to mandatory detention are limited to two situations. First, if the court "finds there is a substantial likelihood that a motion for acquittal or new trial will be granted . . . ." 18 U.S.C. § 3143(a)(2)(A)(i). The second exception contains two elements: first, the government is recommending no sentence of incarceration be imposed and second, the court finds by clear and convincing evidence the defendant is not a flight risk and does not pose a danger to the community. 18 U.S.C. §§ 3143(a)(2)(A)(ii) and (B). Neither exception under § 3143(a)(2) applies. Mr. Tobacco entered a guilty plea, so there will be no

acquittal or new trial. The government intends to seek imprisonment. (Dockets 72 at p. 4; 89 at p. 2).

Notwithstanding the mandatory detention provisions of § 3143, the court may still release a defendant pending sentencing pursuant to § 3145(c). "A person subject to detention pursuant to section 3143(a)(2) . . . and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, . . . if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). The defendant must show by clear and convincing evidence he is not likely to flee or pose a danger to the community and it also must be shown there are exceptional reasons why detention is not appropriate. " 'Exceptional reasons' must include something that is 'clearly out of the ordinary, uncommon, or rare.' " United States v. Helder, No. 05-00125-CR-W-DW, 2006 WL 4080952 (W.D. Mo. Sept. 21, 2006) (citing United States v. Brown, 368 F.3d 992, 993 (8th Cir. 2004) (internal citation omitted).

Personal reasons, such as caring for family members, being gainfully employed, and caring for young children with unique health problems are not extraordinary reasons. United States v. Green, 250 F. Supp. 2d 1145, 1149 (E.D. Mo. 2003). "Congress did not intend release upon a simple accumulation of numerous common circumstances that alone would not constitute an exceptional reason." Id. "The Court recognizes the admittedly serious burden upon Defendant and his family now and in the future; however, these personal

5

hardships in no way are unusual for a defendant facing incarceration. Rather, the circumstances Defendant assigns at this time demonstrate nothing more than the all too common effects of criminal behavior." Id. at 1151. See also United States v. Schmitt, 515 F. App'x 646, 647 (8th Cir. 2013) ("none of the reasons relied upon by the district court [drug conspiracy participation to satisfy one's own addiction, cooperation with the court, helping elderly parents, no risk to community] in determining that Schmitt should not be detained, either individually or in combination, are 'exceptional' within the meaning of 18 U.S.C. § 3145(c), because they are not 'clearly out of the ordinary, uncommon or rare,' the standard which we have consistently applied.").

The factors recognized as exceptional circumstances are limited. See United States v. Charger, 918 F. Supp. 301 (D.S.D. 1996) (reasons for a downward departure exist); United States v. Banta, 165 F.R.D. 102, 104 (D.Utah 1996) (the possibility exists the defendant may serve any imposed sentence before an appeal is resolved); United States v. Carretero, No. CR. 98-CR-418TJM, 1999 WL 1034508 at *8 (N.D.N.Y. Nov. 4, 1999) (active cooperation with the government in order to receive a sentence reduction under § 5K1.1 of the United States Sentencing Guidelines or Rule 35 of the Federal Rules of Criminal Procedure); United States v. Garcia, 340 F.3d 1013, 1022 (9th Cir. 2003) (detaining a seriously ill defendant pending appeal may be unduly harsh, even where the government may be able to provide adequate medical care); United States v. Kaquatosh, 252 F. Supp. 2d 775, 779 (E.D. Wis. 2003) ("[D]efendant's

parent or spouse was seriously ill and may die prior to sentencing; or a defendant's child was scheduled for surgery during this time; or where a defendant's family was facing a particularly difficult financial situation that could be ameliorated if the defendant remained free and employed; or where a defendant's employer had a special need for his services; or where the defendant was undergoing substance abuse or psychiatric treatment that would be unavailable if he were incarcerated."); United States v. Mitchell, 358 F. Supp. 2d 707, 708 (E.D. Wis. 2005) ("[D]efendant fully cooperated with the government and, according to the prosecutor, will receive a U.S.S.G. § 5K1.1 motion at sentencing.").

The court is sympathetic to Mr. Tobacco's situation. It is a difficult time period for a family to have a child requiring ongoing treatment at a hospital 400 miles from home for the next several months. Unfortunately, this family situation is not likely to improve or resolve between now and sentencing. Mr. Tobacco's family must learn to cope with the issues without his personal assistance.

The court finds Mr. Tobacco's personal circumstances do not constitute exceptional circumstances under § 3145(c). The decision of the magistrate judge is affirmed and Mr. Tobacco shall be detained in accordance with the mandatory requirements of § 3143.

**ORDER**

Accordingly, it is

ORDERED that defendant's appeal motion (Docket 85) is denied.

Dated December 18, 2015.

                        BY THE COURT:
                        /s/ *Jeffrey L. Viken*
                        JEFFREY L. VIKEN
                        CHIEF JUDGE